IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SETH MARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Southern District of Mississippi |
| v. | ) | Case No. 2:24-cv-00082-HSO-BWR |
| | ) | |
| CHANNEL CONTROL MERCHANTS, LLC, | ) | |
| GREG PENDER, and STEVEN J. WISCH, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| JEFFREY HECKTMAN and JOHN CHEN, | ) | Matter No.: |
| | ) | |
| Third-Party Subpoena Respondents. | ) | |

**THIRD-PARTY SUBPOENA RESPONDENTS'
MOTION TO QUASH SUBPOENAS OR FOR PROTECTIVE ORDER**

Third-Party Subpoena Respondents Jeffrey B. Hecktman ("Hecktman") and John Chen ("Chen") (collectively, the "Subpoena Respondents") move this Court pursuant to Federal Rule of Civil Procedure 26(c) and 45(d) to quash or for a protective order against the subpoenas for depositions served upon them by Plaintiff Seth Marks ("Plaintiff") and, in support thereof, state as follows:

**I.     INTRODUCTION**

This case arises from the alleged breach of a contract between Plaintiff and Defendant Channel Control Merchants, LLC ("CCM"). Plaintiff filed suit in the United States District Court for the Southern District of Mississippi against CCM and two individuals who allegedly played a role in causing CCM to breach the employment agreement—Defendants Greg Pender ("Pender") and Steven J. Wisch ("Wisch") (collectively, the "Individual Defendants")—in a case styled *Seth*

*Marks v. Channel Control Merchants, LLC, et al.*, Case No. 2:24-cv-00082-HSO-BWR.[1] Because CCM filed for Chapter 11 bankruptcy on October 10, 2024, Plaintiff's case against CCM was stayed under 11 U.S.C. § 362(a). (SDM Dkt. No. 50.) Each of the Individual Defendants have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which are fully-briefed and awaiting ruling by the Mississippi Court. (SDM Dkt. Nos. 30, 31, 35, 36.)

Against this backdrop, Plaintiff has issued subpoenas to depose Hecktman (the "Hecktman Subpoena") and Chen (the "Chen Subpoena") (collectively, the "Subpoenas"), executives of non-party Hilco Trading, LLC ("Hilco Trading"). True and correct copies of the Subpoenas are attached hereto as **Exhibit 1** and **Exhibit 2**. This Court has jurisdiction over this motion pursuant to Federal Rule of Civil Procedure 26(c) and 45(d) as the place of compliance for the Subpoenas is in Chicago, Illinois.

The Subpoenas are an abuse of the discovery process and should be quashed. Plaintiff has indicated that he will likely add Hecktman, Chen, and Hilco as defendants in the action. Indeed, Plaintiff's counsel has asked whether undersigned counsel can accept service on behalf of Hecktman, Chen, and Hilco. However, Plaintiff has not filed an amended complaint naming Hecktman, Chen, or Hilco or provided undersigned counsel with any proposed amendment. In light of Plaintiff's claimed intent to sue Hecktman, Chen, and Hilco, permitting Plaintiff to depose Subpoena Respondents would subject them, and non-party Hilco, to undue prejudice. Additionally, the Subpoenas are premature and disproportional to the needs of the case. Moreover, given the context above, rather than relating to Plaintiff's existing claims against the Individual Defendants, the Subpoenas are more likely an improper fishing expedition to identify new possible claims against Hecktman, Chen, or Hilco, which violates the Federal Rules of Civil Procedure.

---

[1] Citations to the docket for this action in the United States District Court for the Southern District of Mississippi are referred to as "SDM Dkt" for clarity.

2

In addition, the Subpoenas should be quashed under Rule 26(c)(1) and 45(d)(3)(A) of the Federal Rules of Civil Procedure because the Subpoenas are harassing and subject Subpoena Respondents to undue burden. Plaintiff issued three nearly-identical subpoenas for documents and depositions not only to Hecktman and Chen but also to a third Hilco Trading executive, Benjamin Nortman ("Nortman"). Undersigned counsel has agreed to produce Nortman for a deposition, and Hecktman, Chen, and Nortman are in the process of responding to Plaintiff's document subpoenas. At this early stage of litigation, before the Individual Defendants have even filed an answer in the underlying litigation, Plaintiff's subpoenas to three executives of a non-party entity are duplicative and intended to harass. Plaintiff has not even attempted to obtain the information from the Individual Defendants or by a less burdensome means. Thus, the Subpoenas should be quashed.

Lastly, this Court should protect Hecktman and Chen from being deposed under the Apex Doctrine, which is designed to protect high-level executives with limited unique personal knowledge from being subjected to costly and burdensome discovery in situations like this one.

For all these reasons, the Subpoenas to depose Hecktman and Chen should be quashed or a protective order should be entered preventing the Subpoena Respondents from being deposed under the Subpoenas.

## II. BACKGROUND

On September 17, 2024, Plaintiff filed his Second Amended Complaint (the "Second Amended Complaint"), the operative pleading. (SDM Dkt. No. 23.) A true and correct copy of the Second Amended Complaint is attached hereto as **Exhibit 3**.

According to the Second Amended Complaint, Plaintiff and CCM entered into a contract in February 2021 for Plaintiff to serve as CCM's Chief Merchandising Officer (the "Agreement"), which Plaintiff contends was supplemented in August 2022 (the "Addendum"). (*Id.*, ¶¶ 7-8).

3

Plaintiff alleges that CCM terminated his employment and that the terms of the Agreement and Addendum required CCM to pay him certain compensation. (*Id.*, ¶¶ 12-15.) Plaintiff also alleges that Defendant Wisch, who allegedly had a membership interest in CCM, and Defendant Pender, who became CCM's CEO in early 2023, allegedly caused CCM to breach the Agreement with Plaintiff. (*Id.*, ¶¶ 16-17.)

The Second Amended Complaint asserts a breach of contract claim and a number of related tort claims against CCM. (*Id.*, ¶¶ 18-35.) Counts IV and V assert claims for intentional and negligent misrepresentation against Pender. (*Id.*, ¶¶ 29-32.) Count VII asserts a claim against Pender and Wisch for tortious interference with contract. (*Id.*, ¶¶ 36-37.) However, because CCM filed for Chapter 11 bankruptcy on October 10, 2024, Plaintiff's case against CCM has been stayed under 11 U.S.C. § 362(a). (SDM Dkt. No. 50-1.)

Each of the Individual Defendants have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which are fully-briefed and awaiting ruling by the Mississippi Court. (SDM Dkt. Nos. 30, 31, 35, 36.) Consequently, neither of the Individual Defendants has filed an answer to Plaintiff's Second Amended Complaint.

Plaintiff's original Complaint also named "Hilco Global" as a defendant. (SDM Dkt. No. 1.) Plaintiff then filed an Amended Complaint, which removed all claims against Hilco Global. (SDM Dkt. No. 7.) Similarly, the Second Amended Complaint did not assert any claims against Hilco Global. (SDM Dkt. No. 23.) On October 15, 2024, Plaintiff issued a document subpoena to third-party Hilco Trading (SDM Dkt. Nos. 49), and on November 12, 2024, Plaintiff asked whether undersigned counsel would accept service of additional claims against Chen, Hecktman, and Hilco. A true and correct copy of Plaintiff's counsel's November 12, 2024 email is attached hereto as **Exhibit 4**.

Chen, Hecktman, and Nortman, all of whom Plaintiff has subpoenaed for depositions, are executives at Hilco Trading. Nortman is Hilco Trading's Co-Chief Commercial Officer. (*See* Declaration of Benjamin Nortman (the "Nortman Decl."), attached hereto as **Exhibit 5**, ¶ 1.) Hecktman is Executive Chairman, CEO, and a Founder of Hilco Trading. (*See* Ex. 5, ¶ 2.) Chen is Hilco Trading's Vice Chairman and Chief Operating Officer. (*See* Ex. 5, ¶ 3.)

As of this filing, the only discovery requests Plaintiff has issued to the Individual Defendants are Plaintiff's First Request for Production to Greg Pender and Steven Wisch, served January 13, 2025, with responses not yet due. (SDM Dkt. Nos. 63 & 64.) Despite the early stage of this litigation, Plaintiff has filed notices to take depositions of five non-parties, including Subpoena Respondents, as well as notices to take depositions of both Individual Defendants. (SDM Dkt. Nos. 67–73.)

The three deposition subpoenas aimed at the Hilco executives, Chen, Hecktman, and Nortman (SDM Dkt. Nos. 84, 86, 88) seek depositions on short notice and in quick succession. In the Chen Subpoena, Plaintiff seeks to depose Chen on February 5, 2025. (SDM Dkt. No. 86.) In the Hecktman Subpoena, Plaintiff seeks to depose Hecktman on February 6, 2025. (SDM Dkt. No. 88.) In the Nortman Subpoena, Plaintiff seeks to depose Nortman on February 7, 2025. (SDM Dkt. No. 84.) Undersigned counsel has agreed to produce Nortman for a deposition in February 2025. Additionally, Hecktman, Chen, and Nortman are in the process of responding to Plaintiff's document subpoenas.

Subpoena Respondents have attempted to meet and confer in accordance with Federal Rule of Civil Procedure 26 and Local Rule 37.2 with Plaintiff to no avail. The Subpoena Respondents proposed that Plaintiff and the Subpoena Respondents wait to discuss the Hecktman and Chen depositions and objections until after the Subpoena Respondents produce documents and Plaintiff

5

deposes Hilco Trading executive Nortman. Upon information and belief as of the filing of this motion, the Subpoena Respondents and Plaintiff have been unable to reach an accord. Undersigned counsel Christina Berish sent written communications to Plaintiff's counsel Ben Woodhouse and Bill Helfand on January 29, 2025, January 30, 2025, February 3, 2025, and February 4, 2025, and left a voicemail message for Plaintiff's counsel Ben Woodhouse on February 4, 2025 at approximately 4:50 p.m. In the February 4, 2025 email (sent at approximately 2:07 p.m.), undersigned counsel asked Plaintiff's counsel Ben Woodhouse and Bill Helfand to meet and confer in the event that we had not reached a temporary agreement. It appears Subpoena Respondents and Plaintiff have been unable to reach an accord.

### III. LEGAL STANDARD

Third-party subpoenas issued under Federal Rule of Civil Procedure 45 are subject to the relevance and proportionality limitations imposed by Federal Rule of Civil Procedure 26(b)(1). *Signal Fin. Holdings LLC v. Looking Glass Fin. LLC*, 17 C 8816, 2021 WL 4935162, at *1 (N.D. Ill. June 10, 2021). "Proportionality requires consideration of 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). "Discovery requests may also be limited pursuant to Rule 26 if the information could be obtained from another more convenient source or through the discovery process, or the information is cumulative or duplicative of other discovery." *Id.* (citing Fed. R. Civ. P. 26(b)(2)(C)).

Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

6

26(c)(1). Similarly, "[w]hether or not the information sought is otherwise discoverable, Rule 45 requires a court to quash a subpoena that 'subjects a person to undue burden.'" *Id.* (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)). District courts have discretion to quash or modify a subpoena. *Id.*; *see also Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

## IV. ARGUMENT

**A. Plaintiff's stated intent to add the Subpoena Respondents as defendants in this action constitutes good cause to enter a protective order and quash the Subpoenas.**

There is good cause to enter a protective order quashing the Subpoenas and preventing the depositions of Subpoena Respondents sought by Plaintiff. Plaintiff's counsel has stated that Plaintiff will likely add Chen, Hecktman, and Hilco as defendants in the action. (*See* Ex. 6, at 1.) Plaintiff's counsel went so far as to ask whether undersigned counsel would accept service on behalf of Chen, Hecktman, or Hilco. (*Id.*) Yet, as of this filing, Plaintiff has not sought leave to amend its pleading to assert any claims against Chen, Hecktman, or Hilco and has not advised on the nature or extent of such alleged claims. In light of Plaintiff's stated intent to likely sue Hecktman, Chen, and Hilco, permitting Plaintiff to depose Subpoena Respondents would subject them to undue prejudice. It would allow Plaintiff to completely ambush Hecktman and Chen and conduct an improper fishing expedition into potential claims against them and/or Hilco.

To be permissible, Plaintiff's discovery requests must relate to his claims against the Individual Defendants. *See E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (finding discovery to be improper where it was not traceable to the charge alleged in the complaint and was merely served for the purpose of discovering additional causes of action). Aiming three deposition subpoenas at high-level Hilco executives is not designed to locate information relevant to Plaintiff's existing claims against the Individual Defendants, but rather to attempt to uncover additional claims Plaintiff might assert against Chen, Hecktman, or Hilco. This

7

is a textbook example of an improper fishing expedition. *See L.M. by Taylor v. City of Chicago*, 13 C 0483, 2013 WL 5477586, at *3 (N.D. Ill. Oct. 2, 2013) (denying a motion to compel seeking information which, although potentially relevant, would have captured a breadth of irrelevant information and was not the least burdensome manner of obtaining the information sought); *Silversman v. Motorola, Inc.*, 07 C 4507, 2010 WL 2649856, at *4 (N.D. Ill. June 30, 2010) (same); *Fleury v. Union Pac. R.R. Co.*, 20 C 390, 2024 WL 1791739, at *4 (N.D. Ill. Apr. 23, 2024) (calling discovery "nothing more than a 'fishing expedition' for fish the plaintiff doesn't even have a license to catch" where the information sought had no relevance to the claims at issue and seemed to relate only to other potential claims that had not been alleged); *see, e.g., Brenneman v. Knight*, 297 Fed. Appx. 534, 538 (7th Cir. 2008) (denying a request to require a third-party to interview over thirty individuals to see if any could be a relevant witness).

In *Pacific Century International, Ltd. v. Does 1-37*, a court in the Northern District of Illinois denied a motion to compel when it was "plain that the plaintiffs are not seeking information. . . for the purpose of litigating their current claims," but instead with the intention to "either sue the individuals whose identity they uncover or, more likely, to negotiate a settlement with those individuals." 282 F.R.D. 189, 195-96 (N.D. Ill. 2012). The court noted that "[w]hen evaluating relevancy, 'a court is not required to blind itself to the purpose for which a party seeks information,'" and "[t]hus, 'when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.'" *Id*. Ultimately, the plaintiff's recourse was through suits against those non-parties in their respective jurisdictions. *Id.*

If it truly is Plaintiff's intention to add Chen, Hecktman, and/or Hilco as a party, then Plaintiff should do so and allow traditional next steps in the litigation to take place. Allowing Plaintiff to proceed with the Subpoenas in order to concoct a legal theory for recovery against

8

Subpoena Respondents or Hilco is an improper fishing expedition and places an undue burden on Subpoena Respondents. "[P]leading and discovery are not designed to provide a plaintiff with an opportunity to gather information to fulfill his Rule 11 obligations." *Horton ex rel. Estate of Sago v. Pobjecky*, 12 C 7784, 2013 WL 12447089, at *2 (N.D. Ill. Sept. 13, 2013) ("The court recognizes that new claims are frequently discovered throughout the course of litigation that can be added through an amended complaint based on a Rule 15 motion. However, that is not the purpose of pleading or discovery, and plaintiff has not provided any particularly compelling reasons to break from the normal requirements of Rule 11 for this case"). Accordingly, the Subpoenas should be quashed.

    **B. The Subpoenas exceed the scope of Federal Rule of Civil Procedure 26(b)(1) because the depositions sought have little relevance to the claims in the Second Amended Complaint, are disproportionate to the needs of the case, and the underlying information can be obtained from other sources.**

The Subpoenas exceed the scope of Federal Rule of Civil Procedure 26(b)(1) because they have little relevance to Plaintiff's claims against the Individual Defendants, they are disproportionate to the needs of this case, and the underlying information can be obtained from other sources. As explained in the section above, Plaintiff cannot depose Hecktman and Chen to probe into whether Plaintiff might be able to concoct a claim against them. *See, e.g., Harvey L. Walner & Assoc.*, 91 F.3d at 971. The depositions are also premature and disproportionate to the needs of this case. The parties are not yet at issue. The Individual Defendants have not yet answered Plaintiff's Second Amended Complaint because their fully-briefed motions to dismiss are pending before the Mississippi Court and await ruling.

Moreover, Plaintiff has not even attempted to obtain the underlying information from the Individual Defendants. District courts are careful to protect third-parties from the burden of discovery, especially before the party has attempted to obtain the underlying information from the

9

opposing party. *Signal Fin. Holdings LLC*, 2021 WL 4935162, at *3 ("Defendants have not justified placing the burden of compliance on a third party when they have not begun, let alone exhausted, their efforts at obtaining the discovery from their party opponents."). Undoubtedly, most of the underlying information as it relates to Plaintiff's claims against Individual Defendants can be obtained from the Individual Defendants. Moreover, aiming three deposition subpoenas at high-level Hilco executives is clearly duplicative. For these reasons, the Court should quash the Subpoenas or enter a protective order preventing Plaintiff from deposing Hecktman and Chen at this juncture. *See Signal Fin. Holdings, LLC*, 2021 WL 4935162, at *3; *see also Commercial Bank of Korea, Ltd. v. Charone, Inc.*, 90 C 260, 1992 WL 186037, at *8 (N.D. Ill. July 29, 1992) (limiting information sought by a subpoena to only information that could not be obtained from the party).

    **C. The Subpoenas should be quashed because they are harassing and subject the Subpoena Respondents to undue burden.**

The Subpoenas should also be quashed because they are harassing and subject the Subpoena Respondents to undue burden. "In determining whether a subpoena subjects a third party to an undue burden, courts are instructed to consider and weigh the value of the information to the requesting party, the respondent's non-party status, the relevance and breadth of the requests, the requesting party's need for the information, the reasonableness of the time period covered by the requests, whether the request is sufficiently particular, and of course whether compliance would in fact be burdensome." *Signal Fin. Holdings LLC*, 2021 WL 4935162, at *2 (quoting citing *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *1 (N.D. Ill. Apr. 22, 2020); *Taylor v. Kilmer*, 18 CV 7403, 2020 WL 606781, at *2 (N.D. Ill. Feb. 7, 2020)). "Non-party status 'is a factor entitled to special weight in evaluating the balance of competing needs.'" *Id.* (quoting *Taylor*, 2020 WL 606781, at *2; citing *Little*, 2020 WL 1939358, at *1).

Plaintiff's deposition subpoenas seek to depose three high-level Hilco executives in rapid succession on back-to-back days. Plaintiff seeks to depose Chen on February 5, 2025. (SDM Dkt. No. 86.) Plaintiff seeks to depose Hecktman on February 6, 2025. (SDM Dkt. No. 88.) Plaintiff seeks to depose Nortman on February 7, 2025. (SDM Dkt. No. 84.) It is unduly burdensome to require all three executives to appear for depositions, especially on back-to-back days with little notice. Undersigned counsel has already agreed to produce Nortman for a deposition in February 2025. Additionally, Hecktman, Chen, and Nortman are in the process of responding to Plaintiff's document subpoenas. Plaintiff can obtain any relevant information from the Individual Defendants, Nortman's deposition, and the documents Hecktman, Chen, and Nortman are producing. Subpoena Respondents should not be subjected to the undue burden of being deposed in this matter until Plaintiff has conducted discovery from the Individual Defendants and other available sources.

**D. This Court should protect Hecktman and Chen from being deposed under the Apex Doctrine**.

District courts in the Seventh Circuit regularly protect "high-level executives" from depositions under the Apex doctrine when "any of four circumstances exist: (1) the official has no unique personal knowledge of the matter in dispute; (2) the information can be garnered from other witnesses or (3) other discovery methods; and (4) sitting for the deposition would impose a hardship in light of the officer's other duties." *See Little*, 2020 WL 868528, at *1-2 (internal quotations and citations omitted); *see also Kove IO, Inc. v. Amazon Web Services, Inc*., No. 18 C 8175, 2021 WL 12094206, at *5 (N.D. Ill. Oct. 26, 2021). The doctrine represents the "idea that a court should be sensitive to the risk of abuse where an executive has no real information, and as with any other protective order, should look for guidance to a balance of the likelihood of oppression or harassment compared to the value of the inquiry in generating important

11

information." *See Nucap Indus. Inc. v. Robert Bosch LLC*, No. 15 CV 2207, 2017 WL 6059770, at *2 (N.D. Ill. Dec. 7, 2017) (internal quotations and citations omitted). In that sense, the doctrine is entirely consistent with Federal Rule of Civil Procedure 26(c)(1). *See Kove IO, Inc.*, 2021 WL 12094206, at *5 (noting that the "apex doctrine seeks to prevent a high-ranking corporate executive from being run through the wringer of civil discovery, when they do not have personal knowledge of the relevant facts, i.e., to "protect apex employees 'from annoyance, embarrassment, oppression, or undue burden or expense' as contemplated by Rule 26(c)(1)") (internal citations and quotations omitted); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (affirming district court's refusal to compel a high level executive's deposition). Plaintiff's attempt to depose Hecktman and Chen—high level executives at Hilco with little to no unique personal knowledge of the facts underlying this lawsuit—underscores the importance of the Apex doctrine.

This case is, essentially, an employment or contract dispute between Plaintiff and CCM. Plaintiff alleges that CCM terminated his employment and that the terms of the Agreement and Addendum required CCM to pay him certain compensation. (SDM Dkt. No. 23, ¶¶ 12-15.) Plaintiff then claims that the Individual Defendants allegedly caused CCM's breach. (*Id.*, ¶¶ 16-17.) Notwithstanding, Plaintiff has not yet deposed any named defendants (nor has Plaintiff been deposed).

Instead, Plaintiff demands to first depose non-party Hilco high-level executives, Hecktman, Chen, and Nortman. He does so without providing any understanding as to how Hecktman and Chen, high-level executives—neither of whom were named in the Second Amended Complaint, have any knowledge regarding the facts underlying this dispute, much less "unique personal knowledge." To the contrary, their knowledge is generally duplicative of any information known by Nortman. (*See* Ex. 5, Nortman Decl., ¶ 4.) Accordingly, the depositions should be quashed. *See*

*Little*, 2020 WL 868528, at *1-2 ("mere knowledge of events is not sufficient to require a deposition: the officer must have 'unique' personal knowledge"); s*ee also Kove IO, Inc*., 2021 WL 12094206, at *5-6 (denying a motion to compel of defendant's high level executive, including because he was never identified as a knowledgeable witness during discovery, because he oversaw the entire company, including over 200 different projects, only two of which were relevant in that lawsuit, and because of the lack of produced emails evidencing that he had unique knowledge); *see also Nucap Indus. Inc*., 2017 WL 6059770, at *2-3 (refusing to allow defendant's high level executive to be deposed where he had no involvement in the actions giving rise to the claim and there were less burdensome avenues).

      Further, what little knowledge these two individuals hold can unquestionably be garnered from other witnesses, including Nortman. *See Little*, 2020 WL 868528, at *1-2 (noting that plaintiff planned on deposing other employees and a Rule 30(b)(6) witness who "have more detailed information about the allegations that plaintiff made in their complaint" and that it appeared that extensive documents had been produced that "cover much of the ground that" the depositions "would address"); *see also Kove IO, Inc.,* 2021 WL 12094206, at *6-7 (holding that a high-level executive does not have "'unique personal knowledge that is unavailable from other sources" if that same information can be obtained from a Rule 30(b)(6) witness).

      Also, sitting for the deposition would impose a hardship on each deponent, in light of their other professional duties. *See Little*, 2020 WL 868528, at *1-2. And again, the entire Apex doctrine must be considered in its context—Plaintiff is seeking to depose two high-level executives of a non-party *before* the parties have engaged in substantial written discovery and before any other depositions have commenced. At least one other court has quashed a subpoena under similar circumstances. *See Todd v. Ocwen Loan Servicing*, Inc., No. 2:19-cv-00085-JMS-DLP, 2019 WL

13

8272621, at *3 (S.D. Ind. Dec. 13, 2019) (quashing a subpoena when plaintiff had "yet to take a deposition in this case, but desires to start that process at the top of the food chain with the former CEO of the Defendant's parent company.") This Court should protect Hecktman and Chen by quashing the Subpoenas.

## V.      CONCLUSION

The Court should grant the motion for good cause shown and because the Subpoenas improperly subject third-party Subpoena Respondents Hecktman and Chen to an undue burden.

WHEREFORE, Jeffrey Hecktman and John Chen respectfully request that this Court enter an Order under Federal Rule of Civil Procedure 26(c) and 45(d) relieving them of any obligation to comply with the deposition subpoenas and granting all other relief this Court deems equitable and just.

Dated: February 4, 2025

Respectfully submitted,

JEFFREY HECKTMAN and JOHN CHEN

*Third-Party Subpoena Respondents.*

By:     /s/  Christina M. Berish

*Counsel for Jeffrey Hecktman and John Chen*

J. David Duffy  (IL 6242374)
Christina M. Berish (IL 6281022)
Thompson Coburn, LLP
55 E. Monroe St., 37th Fl.
Chicago, IL 60603
312.346.7500
dduffy@thompsoncoburn.com
cberish@thompsoncoburn.com